# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                      Case No. 18-10090-JWB &
                                                                                     No. 21-10045-JWB

LILIA URQUIDEZ-SANCHEZ,

    Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on the government's motion to revoke an order of release entered by the Magistrate Judge in the two above-entitled cases. (Doc. 31 in No. 18-10090; Doc. 11 in No. 21-10045.) The court held a hearing on the motion on June 23, 2021. For the reasons stated at the hearing and in this order, the government's motion to revoke the order of release is GRANTED, the order of release is REVOKED, and Defendant is remanded to custody.

**I. Background**

In Case No. 18-10090, Defendant pled guilty to a charge of being an alien found unlawfully in the United States without permission after having been removed, in violation of 8 U.S.C. § 1326(a). In December 2018, the court sentenced her to a 10-month term of imprisonment, to be followed by a 3-year term of supervised release. (No. 18-10090, Doc. 15.) The conditions of supervised release included that Defendant must not commit another federal, state, or local crime; that she must notify the probation officer within 72 hours if she is arrested or questioned by a law enforcement officer; that if ordered deported, she must remain outside the United States unless legally authorized to enter; and that if she re-enters the United States, she must report to the nearest

probation office within 72 hours after she returns. (*Id.*) On April 21, 2021, the court authorized issuance of a warrant for Defendant's arrest based on a petition from the United States Probation Office alleging that Defendant, having commenced the term of supervised release on May 17, 2019, and having been deported on July 3, 2019, violated the conditions of supervision, as evidenced by Defendant having been arrested by Morton County Sheriff's Deputies on April 18, 2021. (*Id.*, Doc. 18.) Defendant was arrested by United States Marshals on May 18, 2021. (*Id.*, Doc. 20.) She made an initial appearance in this court (by video) on May 24, 2021 and was ordered temporarily detained by a magistrate judge. (*Id.*, Docs. 22, 23.)

On June 15, 2021, a one-count indictment was filed against Defendant in Case No. 21-10045, alleging that on or about May 18, 2021, she violated 8 U.S.C. § 1326(a) & (b)(2) by being found unlawfully in the United States after having been removed and not obtaining consent to reapply for admission to the United States. (No. 21-10045, Doc. 1.)

Magistrate Judge Gwynne E. Birzer held a detention hearing on June 16, 2021, and denied the government's motion for detention as to both cases. The magistrate judge ordered that Defendant be released on a $10,000 OR bond (*See* No. 18-10090, Doc. 26), which Defendant promptly posted. (*Id.*, Doc. 27.) The Magistrate Judge stayed the order of release to permit the government to appeal the ruling, and the government thereafter filed a notice of appeal as to both cases. (No. 18-10090, Doc. 28; No. 21-10045, Doc. 6.) The government has moved to revoke the order of release, arguing that Defendant is both a flight risk and a danger to the community. (No. 18-10090, Doc. 31; No. 21-10045, Doc. 11.)

## II. Standards

Pursuant to 18 U.S.C. § 3145(a)(1), the government may seek review of a magistrate judge's order of release. The district court's review is de novo. *United States v. Cisneros*, 328

F.3d 610, 616 n. 1 (10th Cir. 2003).  A de novo evidentiary hearing, however, is not required.  The district court may either "start from scratch and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted." *United States v. Collier*, No. 12-20021-09, 2012 WL 4463435, at *1 (D. Kan. Sept. 27, 2012) (citing *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991)).  The Federal Rules of Evidence do not apply to detention hearings.  See 18 U.S.C. § 3142(f).  The court may allow the parties to present information by proffer or it may insist on direct testimony.  *See id*.

Under the Bail Reform Act of 1984, the court must order a defendant's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e).  In making this determination, the court must take into account the available information concerning

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence ... or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including-
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Bail Reform Act provides a rebuttable presumption of flight risk or danger to the community in certain cases, but that presumption does not apply here.  *See* 18 U.S.C. § 3142(e).  The government has the burden to prove flight risk by a preponderance of the evidence and to

prove dangerousness by clear and convincing evidence.[1] *United States v. Dermen*, 779, Fed. App'x 497, 500–01 (10th Cir. 2019).

**III. Analysis**

A. <u>Nature and circumstances of the offense</u>. In No. 21-10045, Defendant is charged with unlawful re-entry under 8 U.S.C. § 1326, essentially the same offense to which she previously pled guilty. The offense does not involve a crime of violence or dangerousness. Still, the alleged repetition of the offense so soon after having pled guilty, serving prison time, and being deported indicates a significant probability that Defendant will not abide by conditions placed on her by this court. This factor favors detention.

B. <u>Weight of the evidence</u>. The weight of the evidence against Defendant appears strong, given that she previously pled guilty to essentially the same charge, and no suggestion is made that after the prior offense Defendant obtained permission to lawfully reenter the United States. This factor also weighs in favor of detention.

C. <u>History and characteristics of Defendant</u>. Defendant has a history of being in the United States unlawfully. She has at least some history of substance abuse, including under circumstances that likely contributed to her being violent with law enforcement officers. One of those instances occurred about ten years ago (2011), but a more recent incident occurred in 2018 when, under the apparent influence of alcohol, she assaulted both law enforcement and medical personnel. During that incident she was also found in possession of false identification documents. Given the ready availability of alcohol, Defendant's history raises concerns about her ability and willingness to

---

[1] As to the alleged violation of supervised release in No. 18-10090, "[t]he burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community" is actually on Defendant. Fed. R. Crim. P. 32.1. Nevertheless, the court need not address that issue separately here, because it finds the government has satisfied its burden in No. 21-10045 of showing by a preponderance of the evidence that Defendant would pose a flight risk if released.

comply with conditions imposed by this court, including requirements to appear in court as ordered. Defendant has obtained a high school diploma and vocational training, including a certification relating to hair care. She cannot work lawfully in the United States but appears to have friends or family who can help support her and her children. Defendant has three children who, according to a Pretrial Services Report, are reportedly living with family members. Defendant has spent most of her life in southwest Kansas, although she previously spent some period of time in Mexico. At the time of the alleged offense in No. 21-10045, Defendant was under a criminal justice sentence (supervised release) from this court. Defendant's history does not include any documented failure to appear for court proceedings as ordered, but it does include prior attempts to assault or escape from law enforcement officers when being taken into custody and failing to abide by conditions imposed by the court. Collectively, these factors weigh strongly in favor of detention.

    D. <u>Nature and seriousness of danger</u>. The court does not find clear and convincing evidence that Defendant's release would pose a danger to other persons or the community.

    In sum, based on its consideration of the factors in § 3142(g), the court finds the government has shown by a preponderance of the evidence there are no conditions or combination of conditions that will reasonably assure the Defendant's appearance as required in the above cases.

    In No. 18-10090, the court imposed conditions of supervised release including, among other requirements, that Defendant must not commit any further crimes, she must not come back into the United States without authorization, and if she was in the United States she must report her presence to the Probation Office and report any contact with law enforcement officers. The evidence here indicates she did not comply with any of those conditions. Based on her brazen

refusal to comply with prior conditions imposed by this court, the undersigned has no confidence whatsoever that she would comply with new conditions requiring her to appear at future proceedings in these cases. That conclusion, alone, is sufficient to undermine any likelihood that she would abide by future conditions to appear. When considered with the other circumstances, including Defendant's history during law enforcement encounters and her episodes of substance abuse, the court concludes that there is no condition or combination of conditions that would assure Defendant's appearance as required if she were released.

**IV. Conclusion**

The government's motion (Doc. 31 in No. 18-10090; Doc. 11 in No. 21-10045) to revoke the Magistrate Judge's Order of Release is GRANTED.

The Magistrate Judge's Order of Release in No. 18-10090 (Doc. 26) and 21-10045 (Doc. 3) is hereby REVOKED. The court finds that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. Defendant is hereby committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. Upon order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED this 25th day of June, 2021.

                                                _____s/ John W. Broomes_____
                                                JOHN W. BROOMES
                                                UNITED STATES DISTRICT JUDGE